IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VERONIQUE ELIASON,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, JOE BIDEN, MERRICK GARLAND and THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS,<br><br>    Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 1:24-cv-00095<br><br>United States District Judge Howard C. Neilson Jr.<br><br>Magistrate Judge Dustin B. Pead |

District Judge Howard C. Neilson Jr. referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants' motion to dismiss or strike complaint.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(g) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the Motion on the basis of the written memoranda.[3]

## BACKGROUND

Plaintiff Veronique Eliason ("Plaintiff") initiated this litigation against Defendants United States of America, Joe Biden, Merrick Garland and The Church Of Jesus Christ of Latter

---

[1] ECF No. 7, Order Referring Case.

[2] ECF No. 19, Defendants' Motion to Dismiss or Strike Complaint ("Motion").

[3] See DUCivR 7-1(g).

Day Saints ("Defendants") on June 3, 2024, through the filing of a complaint.[4] In her pleading, Plaintiff brings claims[5] on behalf of Max D. Eliason and the Estate of Joyce Eliason.[6][7]

On July 2, 2024, Defendants moved to dismiss or strike Plaintiff's complaint, arguing Plaintiff lacks standing, res judicata and that Plaintiff's pleading attempts to circumvent District Court Judge Ted Stewart's vexatious litigant order issued against Brett Eliason.[8] Plaintiff filed a response and objection to the Motion on July 5, 2024.[9]

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction that are "under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the

---

[4] ECF No. 1, Complaint.

[5] *Id.* at 12 (asserting claims for corruption and judicial misconduct, civil conspiracy, obstruction of justice, capital treason, bribery, the wrongful death of Joyce S. Eliason, wire fraud, forgery, theft and conspiracy to commit aggravated assaults on innocent victims of society).

[6] *Id.* at 2 ("Plaintiff Veronique Eliason acting as Agent and Trustee for Max D Eliason as a Protected Person under the State of Utah, and the Estate of Max D Eliason, hereby files the complaint and redress of grievances against The United States of America, Joe Biden as the President of the United States of American, and Merrick Garland as the Attorney General of the United States of America."); *id.* at ¶ 1 ("Veronique Eliason is the duly appointed and acting Agent and Trust for Max D Eliason who resides in David County, Utah.").

[7] *Id.*

[8] ECF No. 19. *See also, Estate of Max and Joyce Eliason v. The Corporation of the President of the Church of Jesus Christ of Latter Day Saints et. al.,* 2:23-cv-785-TS, Memorandum Decision and Order Entering Vexatious Litigant Order, ECF No. 109.

[9] ECF No. 21, Response and Objection to Defendants' Motion to Dismiss or Strike Complaint. Thereafter, Defendants filed a reply on July 19, 2024. ECF No. 26, Reply Memorandum In Support of Motion to Dismiss or Strike Complaint.

jurisdictional] doctrines.'"[10] For federal courts to have jurisdiction over an action "the party bringing the suit must establish standing."[11] Standing limits "the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."[12] A party bringing suit is required to establish standing, without which a court lacks subject-matter jurisdiction to hear the claims.[13]

Standing jurisprudence "contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, . . . and prudential standing which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'"[14] Prudential standing requires that a claim to relief must reside in a plaintiff's own legal rights and, setting aside certain exceptions for legally appointed personal representatives or conservators, it prohibits a litigant from "raising another person's legal rights."[15] In general, plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."[16]

---

[10] *United States v. Hays,* 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L.Ed.2d 635 (1995) (*quoting FW/PBS Inc., v. Dallas,* 493 U.S. 215, 230-31, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990) (citation omitted)).

[11] *Wilderness Soc'y v. Kane County,* 632 F.3d 1162, 1168 (10 Cir. 2011) (en banc) (*quoting Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004)); *United States v. Colorado & E. R.R. Co.,* 882 F.3d 1264, 1269 (10th Cir. 2018) (citation omitted) (standing is "a fundamental requirement for any party seeking relief in federal court.").

[12] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).

[13] *See Jepsen v. Texaco, Inc.,* 1995 U.S. App. LEXIS 28809 at *7 (10th Cir. 1995) ("Lack of standing divests the court of subject matter jurisdiction . . . . ").

[14] *Wilderness,* 632 F.3d at 1168 (*citing Newdow*, 542 U.S. at 11 (quotation omitted)).

[15] *Id.* (*citing Allen v. Wright,* 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L.Ed.2d 556 (1984)).

[16] *Warth v. Seldin,* 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

Because Plaintiff proceeds pro se her filings are liberally construed and held "to a less stringent standard than formal pleadings drafter by lawyers."[17] Nonetheless, a pro se plaintiff is still required to "follow the same rules of procedure that govern other litigants."[18]

## REPORT

### I.  Plaintiff Lacks Standing And Cannot Represent The Interest of Others

Plaintiff does not assert any right to relief of her own. Rather, she purports to bring this action as the agent and trustee for "The Estate of Max and Joyce Eliason and Max D. Eliason as a Protected Person."[19]

The "[l]egal capacity to sue implicates the legal authority to represent an estate in a judicial proceeding and . . .[o]nly a personal representative, administrator, or heir may sue on behalf of an estate."[20] Lisa Stephens was appointed as personal representative of Joyce S.

---

[17] *Bellmon v. Hall,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (internal citation and quotation marks omitted).

[19] ECF No. 1 at 1 ("Plaintiff Veronique Eliason acting as Agent and Trustee for Max D Eliason as a Protected Person under the State of Utah, and the Estate of Max D Eliason, hereby filed the complaint and redress of grievances against The United States of America, Joe Biden as the President of the United States of American [sic], and Merrick Garland as the Attorney General of the United States of America."); *id.* ("Veronique Eliason is the duly appointed and acting Agent and Trustee for Max D Eliason who resides in Davis County, Utah.").

[20] *Flores v. United States Bank Nat'l Associatiom,* 2023 U.S. Dist. LEXIS 227355 at *2 (W.D. Tex. Dec. 15, 2023).

Eliason's estate on May 21, 2018[21] and Lisa and Mark Stephens were appointed as conservators of Max Eliason on June 10, 2019.[22] Plaintiff provides no information to support her claim to authority as an agent, trustee or conservator of Joyce and Max Eliason, and the court takes judicial notice of the prior court orders appointing the Stephens as personal representative and conservator over Max Eliason and the estate. [23]

Under the prudential standing doctrine Plaintiff must assert her own legal rights and is prohibited from "rest[ing her] claim to relief on the legal rights or interests of third parties.[24] Here, because Plaintiff is not the court-appointed personal representative or legal conservator she has not established standing to bring this action on behalf of Max Eliason or Joyce Eliason's estate.[25] Further, even assuming for purposes of argument that Plaintiff was the legally

---

[21] ECF No. 19-6 at 3; Exhibit F "Statement of Informal Probate of Will and Informal Appointment of Personal Representative" Probate No. 183901323 ("Lisa Eliason Stephens is hereby appointed personal representative of the estate of the decedent, to act without bond").

[22] ECF No. 19-7; Exhibit G "Order Appointing Guardian and Conservator" Case No. 193900932.

[23] Separate from the allegations in the complaint, the court takes is permitted to take judicial notice of facts from other court proceedings. Pursuant to Federal Rule of Civil Procedure 201, a court may take judicial notice of facts that are a matter of public record. *Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (the court may "take judicial notice of its own files and records, as well as facts which are a matter of public record" (quotations and citation omitted)); *St Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records or prior litigation closely related to the case before it. The doctrine of judicia notice may be used sua sponte.").

[24] *Wilderness Soc'y,* 632 F.3d at 1168 (*quoting Warth v. Seldin,* 422 U.S. 490, 95, S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

[25] *Kowalski v. Tesmer,* 543 U.S. 125, 125 S. Ct. 564, 567, 160 L. Ed. 2d 519 (2004) (A party "must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of

designated representative or guardian, which she is not, as a non-attorney she is prohibited from personally appearing as a representative except through legal counsel.[26]

Where plaintiff lacks standing, the court must dismiss the action.[27] Accordingly, the court recommends dismissal of Plaintiff's claims brought on behalf of Max Eliason and the Estate of Joyce Eliason.

## II.     Remaining Motions Are Denied

Absent standing the court lacks jurisdiction and the court may not reach any other matters raised by the parties.[28] As a result, Plaintiff's "Motion To Redress President Biden With Grievances As Per The Provisions Provided By The First Amendment to the Constitution,"[29]

---

third parties." (internal citations omitted)); *Doyle v. Okla. Bar Association,* 998 F.2d 1559, 1566 (10th Cir. 1993) ("One does not have standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be directly injured by its deprivation.").

[26] *Dewilde v. AG of the United States,* 2024 U.S. App. LEXIS 8590 at *7-8 (10th Cir. Apr. 10, 2024) (*citing Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer such as these purported 'trustee(s) pro se,' has not right to represent another entity, i.e., a trust in a court of the United States.")); *A.R. v. Kan. Sch. Bd. Association.,* 2022 U.S. Dist. LEXIS 5567 at *5-6 (D. Kan. Jan, 11, 2022) ("A plaintiff proceeding pro se in federal court cannot assert the constitutional claims of others."); *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs cannot pursue claims on behalf of others in a representative capacity).

[27] In so concluding, the court does not reach Defendants' additional arguments for dismissal based on res judicata and Judge Stewart's vexatious litigant order.

[28] *Webster v. Saia LTL Freight,* 2024 U.S. Dist. LEXIS 56574 at *3, ft 20 (D. Utah March 7, 2024) ("Because the Tenth Circuit mandates courts refrain from exercising judicial power in the absence of prudential standing, the district court should not reach any other matters raised by the parties.").

[29] ECF No. 10.

"Motion To Recuse This Matter To The United States Supreme Court,"[30] "Motion To Recognize Capital Treason,"[31] "Motion To Recognize That Defendant Dallin H. Oaks Has Not Been Required To Respond To The Allegations Against Him In Over 120 Days Thereby Proving The Department of Justice Holds Him Immune To The Laws Of The United States,"[32] "Motion To Recognize The United States Department Of Justice Cannot Find A Judge To Prosecute This Matter Due To The Repercussions Against Themselves And The LDS Church,"[33] "Motion To Recognize The Attached Invoice Paid To Kirton McConkie As Evidence They Represent Both The Plaintiffs And The Associated Defendants,"[34] "Motion To Compel The United States Department Of Justice To Follow The Attached Rules Regarding The Victims' Rights And Restitution Act (VRRA), 42 U.S.C. §10607,"[35] "Proposed Order And Motion to Submit,"[36] and "Motion To Add Kylie M. Eliason And Brittnie L. Eliason As Plaintiffs Under Rule 23 For A Class Action Complaint"[37] are denied. Additionally, Defendants' Motion to Stay pending the court's resolution of the motion to dismiss is denied as moot.

## RECOMMENDATION

Accordingly, it is hereby RECOMMENDED:

---

[30] ECF No. 11.

[31] ECF No. 12.

[32] ECF No. 13.

[33] ECF No. 17.

[34] ECF No. 18.

[35] ECF No. 22.

[36] ECF No. 23.

[37] ECF No. 24.

1. Plaintiff lacks standing to bring her action on behalf of the Estate of Max and Joyce Eliason and Max D. Eliason as a protected person. Accordingly, the court RECOMMENDS the district judge DISMISS the action.[38]

2. Without standing, Plaintiff cannot proceed with her lawsuit and the court RECOMMENDS Plaintiff's remaining motions are DENIED.[39]

3. Defendants' motion to stay the action pending resolution of the motion to dismiss is DENIED as moot.[40]

The parties are notified of their opportunity to object to this report and recommendation. Within fourteen days of being served with a copy of this report and recommendation, any party may file and serve written objections.[41] Failure to object may constitute waiver of objections upon subsequent review.

Dated this 26th day of July 2024.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

---

[38] ECF No. 19. *See VR Acquisitions, LLC,* 853 F.3d 1142, 1146 n. 4 (10th Cir. 2017) (*citing Harold H. Huggins Realty, Inc v. FNC, Inc.,* 634 F.3d 787, 795 n.2 (5th Cir. 2011) (dismissal for lack of prudential standing is analyzed under Federal Rule 12(b)(6)); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006) (dismissal for lack of standing should be without prejudice).

[39] ECF No. 11; ECF No. 12; ECF No. 13; ECF No. 17; ECF No. 18; ECF No. 22; ECF No. 23; ECF No. 24.

[40] ECF No. 27.

[41] *See* 29 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).