IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VERONIQUE ELIASON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:24-cv-00095-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is the Report and Recommendation issued in the above captioned case by Magistrate Judge Dustin B. Pead on July 26, 2024.[1] The Report recommends the case be dismissed for lack of standing. In the Report, Judge Pead notified Plaintiff of her right under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2) to file any objections to the Report within 14 days of being served with a copy of it.[2] He cautioned that "[f]ailure to object may constitute

---

[1] Dkt. 30, *Report and Recommendation*.

The court acknowledges Plaintiff's attempt to add the undersigned as a defendant in this lawsuit. *See* Dkt. 40 *Motion to Add Chief Judge Robert Shelby as a Defendant for His Refusal to Prosecute Kirton McConkie and the LDS Church for the Embezzlement of the Estate of Max and Joyce Eliason* (*Motion to Add*). Typically, judges are statutorily required to recuse themselves in any proceeding where they are "a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). However, the recusal "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citation omitted). Further, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id.* (citation omitted). Judges need not recuse when claims brought by a party involve "baseless personal attacks on or suits against the judge by a party." *Id.* at 994. The court has reviewed Plaintiff's *Motion to Add* and determines all claims asserted against the undersigned are baseless. They are also procedurally and substantively barred. *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) ("A motion to add a party is governed by Fed. R. Civ. P. 15(a), which sets out the methods available for amending pleadings."); *Kent Vu Phan v. Cross*, 715 F.App'x 835, 836 (10th Cir. 2017) (unpublished) ("In most cases, judicial immunity precludes litigants from suing judges in their official capacity."). Therefore, the undersigned need not recuse and will rule on the Report.

[2] *Report and Recommendation* at 6.

waiver of objections upon subsequent review."[3]

Objections to a magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.[4] The court reviews for clear error any report and recommendation to which no timely or specific objections have been raised.[5] Here, Plaintiff's Objection to the Report is neither timely nor specific. Plaintiff filed her Objection three days late, on August 12, 2024.[6] Plaintiff also failed to specifically address the sole dispositive conclusion addressed in the Report: that she lacks standing to assert the claims raised in her Complaint.[7] Accordingly, this court reviews the Report for clear error.

Having carefully considered the Report, the court determines Judge Pead's analysis and conclusions are sound. The court finds no clear error and ADOPTS the Report in full.[8] Accordingly, the court DISMISSES the case, DENIES all outstanding motions as moot,[9] and directs the Clerk of Court to close the case.

---

[3] *Id.*

[4] *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[5] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

[6] Dkt. 32, *Response and Objection to Recommendation by the Court to Dismiss the Plaintiffs [sic] Requests and to Dismiss the Action*.

[7] *Report and Recommendation* at 4–6.

[8] Dkt. 30.

[9] Dkts. 10, 11, 12, 13, 17, 18, 19, 22, 23, 24, 27, 31, 35, 37, 38, 40, 41, 42, 45, 46, 47, 48.

SO ORDERED this 1st day of October 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge